UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS E. MORA,
and other similarly situated individuals,

    Plaintiff(s),

v.

EL OTRO TIESTO CAFE CORP
and WILKINS E. CASTILLO, individually

    Defendants,
_____/

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, CARLOS E. MORA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants EL OTRO TIESTO CAFE CORP, and WILKINS E. CASTILLO individually, and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid minimum and overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff CARLOS E. MORA is a covered employee for purposes of the Act. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant EL OTRO TIESTO CAFE CORP (hereinafter EL OTRO TIESTO CAFE, or Defendant) is a Florida corporation, having a place of business in Miami-Dade County, Florida where Plaintiff worked. Defendant was engaged in interstate commerce.

4. The individual Defendant WILKINS E. CASTILLO was and is now the owner/partner/officer and operator of Defendant Corporation EL OTRO TIESTO CAFE. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint occurred in Miami/Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff CARLOS E. MORA as a collective action to recover from the Defendants overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "F.L.A. or the "A.C.T.") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after October 2019, (the "material time") without being adequately compensated.

7. Defendant EL OTRO TIESTO CAFE is a Dominican/Japanese restaurant and bar located at 3023 Biscayne Blvd, Miami, Florida 33137, where Plaintiff worked.

8. Defendants EL OTRO TIESTO CAFE and WILKINS E. CASTILLO employed Plaintiff CARLOS E. MORA approximately from October 15, 2019, to September 19, 2020, or 48 weeks. However, for F.L.S.A. purposes, the relevant time of employment is 14 weeks.

9. Plaintiff was hired as a non-exempted, hourly employee. Plaintiff had duties as a bartender. Plaintiff was a tipped employee, and before June 15, 2020, he was paid approximately the minimum wage plus tips. Plaintiff does not have complaints concerning that period.

10. However, from June 15, 2020, to his last day of employment, September 19, 2020, or 14 weeks, Plaintiff was not paid regular wages at any rate, not even the minimum wage rate required for tipped employees.

11. During his relevant time of employment with Defendants, every month Plaintiff worked 2 weeks of 5 days with approximately 40 hours and 2 weeks of 7 days with about 53 hours. Thus, during the relevant time of employment, Plaintiff worked 7 weeks of 40 hours and 7 weeks of 53 hours weekly.

12. In a week of 5 days, Plaintiff worked on Mondays from 11:00 AM to 6:30 PM (7.5 hours); on Tuesdays from 11:00 AM to 8:00 PM (9) hours; on Wednesdays from 11:00 AM to 6:30 PM (7.5 hours); on Thursdays from 11:00 AM to 8:00 PM (9 hours), and on Fridays from 11:00 AM to 6:30 PM (7.5 hours). Plaintiff completed an average of 40.5 hours every week. Plaintiff was unable to take bonafide lunch breaks.

13. In weeks of 7 days, Plaintiff worked the same schedule, but also he worked on Saturdays from 6:00 PM to 12:00 AM (6 hours) and on Sundays from 11:00 AM to 6:00 PM (7 hours). Plaintiff completed an average of 53.5 hours. Plaintiff was unable to take bonafide lunch breaks.

14. Plaintiff always worked more than 40 hours in a week, but he was not paid the minimum wage rate for tipped employees, and he was not paid for his overtime hours. Plaintiff received only tips.

15. Plaintiff did not clock in and out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

17. Plaintiff was paid strictly in cash every week, without any paystub providing necessary information about the real number of working hours, wage rate, employment taxes, etc.

18. Defendants deducted from Plaintiff's tips 2% to cover the cost of broken glasses.

19. Plaintiff was not in agreement with the lack of payment for regular and overtime hours, and on or about September 19, he resigned from his position voluntarily.

20. Plaintiff CARLOS E. MORA seeks to recover regular and overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law. Plaintiff also claims the reimbursement of any amount illegally deducted from his tips.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;

## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

22. Plaintiff CARLOS E. MORA re-adopts every factual allegation as stated in paragraphs 1-21 above as set out in full herein.

23. This cause of action is brought by Plaintiff CARLOS E. MORA as a collective action to recover from the Defendants overtime compensation, liquidated damages, costs and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "F.L.A. or the "A.C.T."), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after November 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

24. Defendant EL OTRO TIESTO CAFE was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as a restaurant/bar and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto in excess of $500,000 per annum. Because of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is F.L.S.A. enterprise coverage.

25. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is F.L.S.A. individual coverage.

26. Defendants EL OTRO TIESTO CAFE and WILKINS E. CASTILLO employed Plaintiff CARLOS E. MORA approximately from October 15, 2019, to September 19, 2020, or 48 weeks. However, for F.L.S.A. purposes, the relevant time of employment is 14 weeks.

27. Plaintiff was hired as a non-exempted, hourly employee. Plaintiff had duties as a bartender. Plaintiff was a tipped employee, and before June 15, 2020, he was paid approximately the minimum wage plus tips. Plaintiff does not have complaints concerning that period.

28. However, from June 15, 2020, to his last day of employment, September 19, 2020, or 14 weeks, Plaintiff was not paid regular wages at any rate, not even the minimum wage rate required for tipped employees.

29. During his relevant time of employment with Defendants, every month, Plaintiff worked 2 weeks of 5 days with approximately 40 hours, and 2 weeks of 7 days with about 53 hours. Thus, during the relevant time of employment, Plaintiff worked 7 weeks of 40.5 working hours and 7 weeks of 53 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

30. Plaintiff always worked more than 40 hours in a week, but he was not paid the regular wage for tipped employees, and he was not paid for his overtime hours. Plaintiff received only tips.

31. Plaintiff did not clock in and out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

32. Therefore, Defendants willfully failed to pay Plaintiff regular and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

33. Plaintiff was paid strictly in cash every week, without any paystub providing basic information about the real number of working hours, wage rate, employment taxes, etc.

34. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated and the compensation paid to such employees should be in the Defendants' possession and custody.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

35. The Defendants violated the record-keeping requirements of F.L.S.A., 29 C.F.R. Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.
Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage. As per F.L.S.A. regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      One Thousand Two Hundred Fifty-Eight Dollars and 32/100 ($1.258.32)

   b. <u>Calculation of such wages</u>:

      Total weeks of employment:  48 weeks

    Total relevant weeks: 14 weeks

**1.- Overtime for 7 weeks with 5 days/40.5 working hours**

    Total relevant weeks: 7 weeks
    Total hours worked:  40.5 hours weekly
    Total overtime hours: 0.5 hour weekly
    Florida Minimum wage rate 2020: $8.56 x 1.5 = $12.84
    Overtime rate: $12.84 an O/T hour

    O/T rate $12.84 x 0.5-hour weekly=$6.42 weekly x 7 weeks=$44.94

**2.- Overtime for 7 weeks with 7 days/53.5 working hours**

    Total relevant weeks: 7 weeks
    Total hours worked:  53.5 hours weekly
    Total overtime hours: 13.5 hour weekly
    Florida Minimum wage rate 2020: $8.56 x 1.5 = $12.84
    Overtime rate: $12.84 an O/T hour

    O/T rate $12.84 x 13.5 O/T hours=$173.74 weekly x 7 weeks=$1,213.38

    Total # 1, and # 2: $1,258.32

    c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

38. At all times, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendants to pay them at the rate of time properly and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set

forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

40. At times mentioned, individual Defendant WILKINS E. CASTILLO was the owner/partner/manager of EL OTRO TIESTO CAFE. Defendant WILKINS E. CASTILLO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EL OTRO TIESTO CAFE in relation to its employees, including Plaintiff and others similarly situated. Defendant WILKINS E. CASTILLO had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

41. Defendants EL OTRO TIESTO CAFE and WILKINS E. CASTILLO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS E. MORA and those similarly situated respectfully requests

that this Honorable Court:

    A. Enter judgment for Plaintiff CARLOS E. MORA and other similarly situated individuals and against the Defendants EL OTRO TIESTO CAFE and WILKINS E. CASTILLO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

    B. Award Plaintiff CARLOS E. MORA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

    E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff CARLOS E. MORA demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

43. Plaintiff CARLOS E. MORA re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

44. This action is brought by Plaintiff CARLOS E. MORA and those similarly situated to recover from the Employer EL OTRO TIESTO CAFE unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the

provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

45. The employer EL OTRO TIESTO CAFE was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail company performing as a restaurant. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

46. Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

47. U.S.C. §206 states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

    (1) except as otherwise provided in this section, not less than—

    (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

    (B) $6.55 an hour, beginning 12 months after that 60th day; and

    (C) $7.25 an hour, beginning 24 months after that 60th day

48. Defendants EL OTRO TIESTO CAFE and WILKINS E. CASTILLO employed Plaintiff CARLOS E. MORA approximately from October 15, 2019, to September 19, 2020, or 48 weeks. However, for F.L.S.A. purposes the relevant time of employment is 14 weeks.

49. Plaintiff was hired as a non-exempted, hourly employee. Plaintiff had duties as a bartender. Plaintiff was a tipped employee, and before June 15, 2020, he was paid approximately the minimum wage plus tips. Plaintiff does not have complaints concerning that period.

50. However, from June 15, 2020 to his last day of employment on September 19, 2020, or 14 weeks, Plaintiff was not paid regular wages at any rate, not even the minimum wage rate required for tipped employees.

51. During the relevant time of employment with Defendants, every month Plaintiff worked 2 weeks of 5 days with approximately 40 hours, and 2 weeks of 7 days with about 53 hours. Thus, during the relevant time of employment, Plaintiff worked 7 weeks of 40.5 working hours and 7 weeks of 53 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

52. Plaintiff always worked more than 40 hours a week, but he was not paid the regular wage for tipped employees. Plaintiff received only tips.

53. Furthermore, every week Defendants deducted from Plaintiff's tips 2% to cover the cost of broken glasses.

54. There is a substantial number of hours that were not paid to Plaintiff at any rate, not even the minimum wage rate, as required by law.

55. Plaintiff did not clock in and out, but Defendants were able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

56. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act.

57. Plaintiff was paid strictly in cash every week, without any paystub providing necessary information about the real number of working hours, wage rate, employment taxes, etc.

58. The records, if any, concerning the number of hours worked by Plaintiff CARLOS E. MORA and all others similarly situated employees, and the compensation paid to such employees should be in the possession and custody of Defendant. However, the Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

59. Defendants violated the record-keeping requirements of F.L.S.A., 29 C.F.R. Part 516.

60. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

61. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.
Florida's minimum wage in 2020 is $8.56, which is higher than the federal minimum wage rate. As per F.L.S.A. regulations, the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages</u>:

   Five Thousand Six Hundred Thirty-Two Dollars and 48/100 ($5,632.48)

   b. <u>Calculation of such wages</u>:

   Total weeks of employment: 48 weeks
   Total relevant weeks of employment: 14 weeks

 **1.- Minimum wages for 7 weeks with 5 days/40.5 working hours**

   Total relevant weeks: 7 weeks
   Total hours worked:  40.5 hours weekly
   Total unpaid regular hours: 40.5 hour weekly
   Florida Minimum wage rate 2020: $8.56

Minimum wage rate $8.56 x 40.5 hours weekly=$346.68 weekly x 7 weeks =$2,426.76

**2.- Minimum wages for 7 weeks with 7 days/53.5 working hours**

Total relevant weeks: 7 weeks
Total hours worked: 53.5 hours weekly
Total unpaid regular hours: 53.5 hour weekly
Florida Minimum wage rate 2020: $8.56

Minimum wage rate $8.56 x 53.5 hours weekly=$457.96 weekly x 7 weeks =$3,205.72

Total # 1, and # 2: $5,632.48

c. Nature of wages:

This amount represents unpaid minimum wages at the Florida minimum wage rate

62. Defendants EL OTRO TIESTO CAFE, and WILKINS E. CASTILLO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

63. Defendants EL OTRO TIESTO CAFE, and WILKINS E. CASTILLO knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above, and Plaintiff is entitled to recover double damages.

64. At times mentioned, individual Defendant WILKINS E. CASTILLO was the owner/partner/manager of EL OTRO TIESTO CAFE. Defendant WILKINS E. CASTILLO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of EL OTRO TIESTO CAFE

concerning its employees, including Plaintiff and others similarly situated. Defendant WILKINS E. CASTILLO had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and she is jointly and severally liable for Plaintiff's damages.

65. Defendants EL OTRO TIESTO CAFE, and WILKINS E. CASTILLO willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CARLOS E. MORA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff CARLOS E. MORA and against the Defendants EL OTRO TIESTO CAFE, and WILKINS E. CASTILLO based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff CARLOS E. MORA and those similarly situated demand trial by a jury of all issues triable as right by a jury.

Dated:  February 16, 2021

                                        Respectfully submitted,

                                        By:  /s/ **Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile:  (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintif*