# EXHIBIT "A"

# CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("Agreement") is made by and between Carlos E. Mora, including his heirs, representatives, agents, successors and assigns (collectively, "Plaintiff"), Wilkins E. Castillo ("Castillo") and El Otro Tiesto Cafe Corp. ("EOTCC"). For purposes of this Agreement, (a) Castillo and EOTCC shall be collectively referred to herein as "Defendants," and (b) Plaintiff and Defendants shall be collectively referred to herein as the "Parties," and individually, as a "Party." This Agreement shall be effective on the date the terms set forth herein are approved by the Court following complete execution by all Parties ("Effective Date").

## RECITALS

WHEREAS, Plaintiff was formerly employed by EOTCC;

WHEREAS, on February 22, 2021, Plaintiff filed a Complaint against Defendants in the United States District Court for the Southern District of Florida (Case No. 1:21-cv-20713-DLG, the "Complaint"), alleging that he is owed minimum wage and overtime compensation related to his former employment;

WHEREAS, Defendants deny all such allegations and further deny any and all claims asserted by Plaintiff; and

WHEREAS, the Parties, solely to avoid the expense and disruption which will inevitably result from protracted litigation, desire to settle any and all claims, demands or rights, known or unknown, relating in any way to the former employment relationship between Plaintiff and EOTCC or any other relationship between the Parties, which have been or might have been asserted by Plaintiff.

NOW, in consideration of the mutual promises and agreements set out herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Consideration Paid To Plaintiff:** In full consideration of (a) Plaintiff's execution of this Agreement, (b) Plaintiff's agreement to be legally bound by its terms and (c) the dismissal of this action with prejudice, Defendants will pay, or cause to be paid, to Plaintiff and his counsel the total, aggregate sum of SEVEN THOUSAND SEVEN HUNDRED FIFTY DOLLARS ($7,750.00), by way of three (3) checks which shall be apportioned as follows:

    i.  Check payable to Plaintiff in the amount of $1,625.00, less applicable withholding taxes based upon an updated IRS Form W-4 submitted by Plaintiff to Defendants' counsel, representing full satisfaction of all claims and damages for alleged unpaid wages which Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties (as defined below), for which an IRS Form W-2 will be issued to Plaintiff;

    ii. Check payable to Plaintiff in the amount of $1,625.00, with no withholdings, for which Plaintiff shall execute IRS Form W-9 and submit same to Defendants' counsel, representing full satisfaction of Plaintiff's claim for

        liquidated damages and all other claims which Plaintiff has asserted, asserts or could assert against Defendants or any of the Released Parties (as defined below), for which an IRS Form 1099 will be issued to Plaintiff; and

   iii.    Check in the amount of $4,500.00, payable to The Law Office of Zandro E. Palma, P.A., as Plaintiff's entire attorneys' fees and costs in this matter, for which an IRS Form 1099 will be issued to The Law Office of Zandro E. Palma, P.A..

As set forth below, Plaintiff's actual receipt of these settlement payments is subject to the Court's approval of the settlement and dismissal of the case with prejudice. Plaintiff agrees that these payments comprise full and complete satisfaction of any and all alleged damages (including unpaid minimum wages and overtime compensation), attorneys' fees and costs incurred by him, and that such payments are being made solely to resolve all claims between the Parties.

    a.    Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and proposed Order dismissing this case with prejudice no later than three (3) days after the full execution of this Agreement. The settlement payments referenced above shall be delivered to The Law Office of Zandro E. Palma, P.A. (9100 South Dadeland Blvd., Suite 1500, Miami, Florida 33156) no later than ten (10) days after Plaintiff's execution of the Agreement. However, it is agreed and understood that Plaintiff's counsel shall not release and/or disburse the settlement payments until such time that the Court has approved this settlement and entered its Final Order of Dismissal with Prejudice

    b.    Plaintiff agrees to be responsible for his respective share of any and all applicable federal and/or state income and other taxes as may be owed by him resulting from the payment made under this Agreement. Plaintiff further agrees to indemnify and hold harmless Defendants and the Released Parties from any and all claims for taxes and penalties which may be brought as a result of the payments made under this Agreement including, without limitation, indemnification for any attorneys' fees incurred by Defendants and/or any of the Released Parties solely resulting from any such claim. Plaintiff acknowledges that (1) Defendants have not made any representation with respect to the taxability of the payment made under this Agreement, and (2) Plaintiff has received or will obtain advice to the extent he deems it necessary from qualified advisors in respect thereto.

    c.    Plaintiff acknowledges that all costs and/or attorneys' fees liens arising out of or related to the claims asserted in, or that could have been asserted, in Case No. 1:21-cv-20713-DLG or any other earlier filed or unfiled related actions (if any) will be paid in full by Plaintiff out of the proceeds of this Agreement, including any attorneys' fees or costs owed (over and above those set forth herein) to The Law Office of Zandro E. Palma, P.A. or any other law firm that may have previously represented or currently represents Plaintiff in connection with his claims against Defendants and/or any of the Released Parties. Plaintiff further acknowledges that no liens of any type have been filed, made, or asserted against him regarding the pending claims.

   2.    **Release:**  In return for the various promises and the payments made by, or on behalf of, Defendants, Plaintiff hereby forever releases, remises, discharges and acquits (a) Castillo, including his heirs, representatives, agents, successors and assigns, and (b) EOTCC and its past, present and future parent companies, subsidiaries, divisions, affiliates and related entities, including all of their respective past, present and future respective officers (including, without limitation, El

Tiesto Cafe Group Corp., Viviana M. Rivera, and Ethan Cuevas), directors, owners, shareholders, partners, limited partners, general partners, members, managers, representatives, insurers, insurer's agents, trustees, agents, attorneys, employees, contractors, consultants, vendors, suppliers, heirs, beneficiaries, executors, administrators, and the successors and assigns thereof (collectively, the "Released Parties"), from any and all actions, claims or demands whatsoever, in law or in equity, which Plaintiff, or his heirs, executors, administrators, agents, legal representatives, assigns, beneficiaries and successors in interest ever had or now have, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on any act or omission, event, occurrence or non-occurrence, from the beginning of time to the date of execution of this Agreement including, but not limited to:

  A. any and all claims arising from any verbal or written contract or agreement between Plaintiff and Defendants and/or any of the Released Parties for contractual payments or obligations (including, without limitation, any contract or agreement pertaining to vacation leave, sick leave, paid time off, salary increases, commissions, service charges, and bonuses), salary, wages, tips, commissions, compensation, specific performance, monetary relief, employment, ownership interests, stock options, indemnities, benefits (including, but not limited to, any claims for benefits under, or contribution to, an employee benefit plan, profit-sharing or any retirement plan, bonuses, paid time off, vacation leave, sick leave, merit and longevity increases, severance payments, and all other benefits of all kind), earnings, back pay, front pay, liquidated and other damages, compensatory damages, punitive damages, damage to character, damage to reputation, emotional distress, mental anguish, depression, injury, impairment in locating employment, financial loss, pain and suffering, injunctive and declaratory relief, interest, attorneys' fees and costs.

  B. any and all claims growing out of, resulting from or connected in any way to Plaintiff's former relationship with Defendants and/or any of the Released Parties, including any and all claims for breach of verbal or written contract, detrimental reliance, fraud, discrimination of any kind, impairment of contract, impairment of right to contract, harassment of any kind, retaliation of any kind, whistle blowing, rescission, specific performance, promises, torts of all kinds, including but not limited to assault, battery, defamation, misrepresentation, intentional infliction of emotional distress, negligent infliction of emotional distress, interference with an advantageous business relationship, libel, misrepresentation, negligent or otherwise, negligent employment, including negligent hiring, negligent retention and negligent supervision, *prima facie* tort, slander, claims or rights under any state and federal legislation including, but not limited to, the Fair Labor Standards Act, the Age Discrimination in Employment Act of 1967, the Family and Medical Leave Act of 1993, the Employee Retirement Income Security Act of 1974, Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Equal Pay Act, the Lilly Ledbetter Fair Pay Act of 2009, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Americans with Disabilities Act Amendments Act of 2008, the Genetic Information Nondiscrimination Act, the Consolidated Omnibus Budget Reconciliation Act of 1985, the Health Maintenance Organization Act of 1973, the Occupational Safety and Health Act, the Older Workers Benefit Protection Act, the Fair Credit Reporting Act, the Worker's Adjustment and Retraining Notification Act, the Pregnancy Discrimination Act, the Labor Management Relations Act, the National Labor Relations Act, the Uniformed Services Employment and Reemployment Rights Act of 1994, the Families First Coronavirus Response Act, the Coronavirus Aid, Relief, and Economic Security Act, the American Rescue Plan Act, Article X, Section 24 of the Florida Constitution, the Florida Human Rights Act of 1977, the Florida Civil Rights Act of 1992, Section

760.50 of the Florida Statutes, the Florida Minimum Wage Act, any claims under Section 448.08 of the Florida Statutes, Section 440.205 of the Florida Statutes, Sections 448.102 and 448.103 of the Florida Statutes, Section 760.50 of the Florida Statutes, Sections 448.075 and 448.076 of the Florida Statutes, Section 751.313 of the Florida Statutes, Section 790.251 of the Florida Statutes, the Miami-Dade County Code, the Broward County Human Rights Act, the Palm Beach County Equal Opportunity Ordinance No. 95-31, and the wage and discrimination laws of the United States, the State of Florida, or any other State of the United States or any other country and their subdivisions, including any state or local law, ordinance, regulation or rule, all of the foregoing as heretofore or hereafter amended, or any court decree, heretofore or hereafter promulgated.  Plaintiff also waives any and all rights under the laws of any jurisdiction in the United States that would limit the foregoing release and waiver of which he had knowledge as of the date hereof.  Plaintiff recognizes that, among other things, he is releasing Defendants and the Released Parties of and from any and all claims he might have against them for unpaid wages of any kind, breach of contract of any kind, pain and suffering, emotional distress, retaliation of any kind, and for discrimination and harassment based on race, color, religion, sex, national origin, age, marital status, disability, sexual orientation, gender identity or expression, pregnancy, veteran status, genetic information, or any other characteristic protected by federal, state or local law. The listing of specific types of claims as set forth above is not intended to limit in any way the general and comprehensive scope of this release from Plaintiff to Defendants and the Released Parties.

   C. Plaintiff acknowledges and agrees that this release of all claims he had or now has under the Fair Labor Standards Act includes any and all claims against Defendants and/or the Released Parties for minimum wages, overtime pay, unpaid wages, lost benefits, lost wages, back pay or front pay, liquidated damages, attorneys' fees and costs and all other compensatory and non-compensatory damages, whether economic or non-economic, and further acknowledges that he is forever barred from pursuing any claim for unpaid overtime, unpaid minimum wages, unpaid wages, lost benefits, lost wages, back pay or front pay, liquidated damages, attorneys' fees or costs against the Released Parties.  In that regard, Plaintiff acknowledges that he (1) has been fully compensated for any and all hours that he actually worked for EOTCC, at the proper rates of pay, and (2) has received all other available damages and his attorneys' fees and costs.

   D. Plaintiff further specifically waives any rights of action and administrative and judicial relief which he might otherwise have available in the state and federal courts, including all common law claims and claims under federal and state constitutions, statutes and regulations, federal executive orders and county and municipal ordinances and regulations, as well as before the Wage and Hour Division, the Occupational Safety and Health Administration and any other division or department of the U.S. Department of Labor, the Equal Employment Opportunity Commission, the National Labor Relations Board, the Florida Commission on Human Relations or any other federal, state or local administrative agency. Except as set forth in this Agreement or otherwise permitted by applicable law, Plaintiff (i) promises never to file, participate in or prosecute a lawsuit, complaint, charge or other proceeding asserting any claims that are released by this Agreement, and (ii) further agrees not to voluntarily participate in any claim brought by any other party against Defendants and/or any of the Released Parties.

   E. PLAINTIFF ACKNOWLEDGES THAT THIS AGREEMENT IS AN IMPORTANT LEGAL DOCUMENT. PLAINTIFF ACKNOWLEDGES, THEREFORE, THAT HE HAS READ THIS AGREEMENT IN ITS ENTIRETY, THAT HE HAS BEEN ADVISED TO AND HAS HAD AMPLE OPPORTUNITY IF SO DESIRED TO DISCUSS THIS AGREEMENT

WITH HIS OWN ATTORNEY FOR ASSISTANCE AND ADVICE CONCERNING THIS AGREEMENT, THAT THE TERMS OF THIS AGREEMENT HAVE BEEN NEGOTIATED, THAT PLAINTIFF UNDERSTANDS THE TERMS OF THIS AGREEMENT, AND THAT PLAINTIFF UNDERSTANDS THAT THE TERMS OF THIS AGREEMENT ARE ENFORCEABLE. PLAINTIFF COVENANTS, WARRANTS, AND REPRESENTS THAT HE HAS ENTERED INTO THIS AGREEMENT FREELY AND VOLUNTARILY.

F. Nothing herein in this Agreement is intended to or shall interfere with Plaintiff's right to participate in a proceeding with any appropriate federal, state or local government agency enforcing discrimination laws, nor shall this Agreement prohibit Plaintiff from cooperating with any such agency in its investigation. Notwithstanding the foregoing, Plaintiff agrees to waive his right to recover monetary damages in any charge, complaint, or lawsuit filed by Plaintiff or by anyone else on behalf of Plaintiff. Furthermore, nothing in this Agreement or in any other agreement between the Parties shall be construed as releasing, waiving or in any way limiting Plaintiff's (1) claims or rights which cannot be waived by law, (2) right to initiate communications directly with, respond to an inquiry from, or provide testimony before any self-regulatory organization, or any other local, state or federal or state regulatory or law enforcement authority, or (3) right to seek, receive, or retain any incentive or monetary award he may be entitled to receive relating to any federal whistleblower action under the Dodd-Frank Wall Street Reform and Consumer Protection Act.

G. For the purpose of implementing a full and complete release, Plaintiff expressly acknowledges that the foregoing release is intended to include in its effect, without limitation, claims that he did not know or suspect to exist in his favor at the time of the full execution of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

3. **Non-Admission Clause:** Plaintiff agrees and acknowledges that this Agreement is not, and shall not be construed to be, an admission by Defendants and/or any of the Released Parties of any liability or any act of wrongdoing whatsoever including, without limitation, any violation of (1) any federal, state, or local law, statute, regulation or ordinance, or (2) any duty owed by Defendants and/or any of the Released Parties to anyone.

4. **Confidentiality:**

A. Except as otherwise expressly permitted by this Agreement, Plaintiff shall not disclose, publish, publicize or disseminate, or cause to be disclosed, published, publicized or disseminated in any way, the existence, terms or contents of this Agreement, unless (i) Defendants consent in writing, (ii) otherwise required by law, regulation, subpoena or court order, (iii) necessary for accounting/tax purposes, or (iv) to his spouse or professional advisors (and as to such persons, Plaintiff shall guarantee and ensure that each of them holds in confidence the terms and conditions of this Agreement and does not disclose same). If Plaintiff receives a subpoena or court order requiring disclosure of some or all of the terms and conditions of this Agreement, he shall immediately provide copies of same to Defendants and their counsel. Plaintiff acknowledges and agrees that this covenant of confidentiality prohibits him from disclosing, publishing, publicizing or disseminating in any way the existence, terms or contents of this Agreement to any current or former employee of EOTCC or any of the Released Parties.

    B. Upon inquiry by any third party as to the status of the above-referenced litigation, other than those persons specifically identified above, Plaintiff's response shall be strictly limited to a representation that the matter has been resolved, which statement shall not be a violation of this confidentiality clause.

    C. Plaintiff acknowledges that his failure to comply with this provision would constitute a material breach of the Agreement and would cause irreparable injury, which would not be adequately compensated by monetary relief. Plaintiff, therefore, agrees that his breach of this Section 4 shall entitle Defendants to seek immediate injunctive relief in a court of competent jurisdiction. Accordingly, Plaintiff hereby stipulates that any breach of this Section 4 shall entitle Defendants to seek entry of a judgment for a permanent injunction, granting the non-disclosure protection contracted herein and any other relief as deemed appropriate.

    D. Plaintiff further agrees that this confidentiality provision is a material inducement for the execution of this Agreement. Any disclosure or dissemination other than as described above will be deemed a breach of this Agreement and a cause of action shall immediately accrue for damages, including reasonable attorneys' fees incurred in recovering such monies and in enforcing this Agreement, with Defendants maintaining all rights, remedies and/or causes of action otherwise available at law or in equity, including the right to reclaim in full all settlement proceeds paid under this Agreement.

    E. Plaintiff acknowledges that with the exception of the persons or situations hereinabove described, he has not previously disclosed any of the terms of this Agreement.

    F. Notwithstanding the above provision, this Agreement may be attached as an Exhibit to the Joint Motion for Approval and shall be filed with the Court for approval in accordance with *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350 (11th Cir. 1982).

  5. **No Disparaging Remarks:** Plaintiff agrees not to say, write or cause to be said or written, directly or indirectly, any statement that may be considered defamatory, negative, critical, malicious, belittling, unfavorable, pejorative, deprecatory, derogatory or disparaging with respect to Defendants and/or any of the Released Parties. Notwithstanding the foregoing, neither this covenant of non-disparagement nor any other provision of this Agreement shall be construed so as to prohibit activity protected by the National Labor Relations Act ("NLRA") or under any other applicable federal, state or local laws. Further, all provisions contained in this Agreement will not be enforced in a manner which interferes with Plaintiff's rights to engage in activity protected under the NLRA or under any other applicable federal, state or local laws.

  6. **Covenant of Non-Assistance and Non-Solicitation:** Plaintiff agrees, warrants and represents that he has never contacted, communicated with or solicited present or former employees or contractors of EOTCC and/or any of the Released Parties for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Defendants and/or any of the Released Parties with any governmental agency or any court. Plaintiff further agrees, warrants and represents that he shall never contact, communicate with or solicit present or former employees or contractors of EOTCC and/or any of the Released Parties for the purpose of encouraging and/or assisting with the filing of any claims, lawsuits, charges, complaints, petitions or other accusatory pleadings against Defendants and/or any of the Released Parties with any governmental agency or any court. Notwithstanding the foregoing, the Parties agree that it shall not be a violation of this provision for Plaintiff to provide testimony if

compelled to do so by subpoena or court order.

       7.     **No Undisclosed Injuries**: Plaintiff represents and warrants that he has not suffered any on-the-job injury for which he has not already notified Defendants in writing and/or filed a claim as of the date of this Agreement.

       8.     **Medicare**: Plaintiff affirms that as of the date he signs this Agreement, he is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services ("CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payments made to Plaintiff or his counsel under this Agreement, Plaintiff agrees to indemnify, defend and hold Defendants and the Released Parties harmless from any action by CMS related to medical expenses of Plaintiff. Plaintiff agrees to reasonably cooperate with Defendants and the Released Parties upon request with respect to any claim that CMS may make and for which Plaintiff is required to indemnify Defendants and the Released Parties under this paragraph. Further, Plaintiff agrees to waive any and all future actions against Defendants and the Released Parties for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

       9.     **Additional Acknowledgements:** Plaintiff specifically acknowledges and agrees that (i) he has been paid and/or has received all compensation, wages (including minimum and overtime wages), bonuses, tips, commissions, reimbursements and/or benefits to which he may be entitled as of the execution of this Agreement, and that no compensation, wages (including minimum and overtime wages), bonuses, tips, commissions, reimbursements and/or benefits are due to him; (ii) during his employment with EOTCC, he received all leave to which he may have been entitled and requested and that he has not been discriminated or retaliated against in any way for requesting or taking such leave; and (iii) he is unaware of a violation of a law, rule or regulation or any other wrongdoing committed by Defendants or any of the Released Parties.

      10.     **No Re-Employment; No Entry**: Plaintiff agrees and recognizes that his former employment with EOTCC has been permanently and irrevocably terminated, and he expressly waives any right or claim to re-employment with EOTCC. Plaintiff further agrees that he will not hereafter apply for, or otherwise seek, employment with EOTCC or any of the Released Parties. Furthermore, Plaintiff agrees that under no circumstances shall he ever enter any of Defendants' or the Released Parties' workplaces, locations, premises, residences or offices.

      11.     **Other Actions:** Plaintiff represents that other than the Complaint specifically referenced in this Agreement, he has not filed, joined in or been a beneficiary of any complaints, charges or proceedings against Defendants or any of the Released Parties, with any local, state or federal agency or court.

      12.     **Assignment:** Plaintiff represents and warrants that he has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim against Defendants or any of the Released Parties. Plaintiff further represents and warrants that no other person or entity other than the Parties hereto, had or have any interest in the matters referred to in this Agreement. Plaintiff shall not assign any of his rights or duties under this Agreement without the express written consent of Defendants and the Released Parties.

13. **Binding Nature of Agreement:**  This Agreement shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors and assigns.

14. **Entire Agreement:**  This Agreement constitutes the complete understanding of the Parties hereto and supersedes any and all prior agreements, promises, representations or inducements, whether oral or written, concerning its subject matter.  No promises or agreements made subsequent to the execution of this Agreement by the Parties shall be binding unless reduced to writing and signed by the Parties. However, this Agreement shall in no way relieve or discharge Plaintiff from his post-employment obligations to EOTCC, including Plaintiff's obligations of confidentiality.

15. **Prevailing Party:**  In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing Party shall be entitled to costs and reasonable attorneys' fees as determined by a court of competent jurisdiction.

16. **Governing Law and Venue:**  The terms of this Agreement will be construed in accordance with the laws of the State of Florida.  In the event any Party initiates an action to enforce the terms of this Agreement, such action shall be commenced in the United States District Court for the Southern District of Florida, or any other court of competent jurisdiction in Miami-Dade County, Florida.

17. **Severability:** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end the provisions of this Agreement are declared severable.

18. **Parties Represented by Counsel/Acknowledgment of Legal Competence:**  This Agreement is not to be construed against any Party.  All Parties were represented by counsel and participated in the drafting and negotiation of this Agreement. Plaintiff hereby attests that he is legally competent to enter into this Agreement and fully understands and appreciates the terms, obligations and ramifications of same.

19. **Execution:**  This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted electronically or by facsimile, shall be effective and binding as if it were the originally executed document.

[**SIGNATURE PAGE TO FOLLOW**]

**EL OTRO TIESTO CAFE CORP.**

Print: Wilkins E. Castillo

Signature: _[signature]_

Title: President

Date: 07/19/2021

**CARLOS E. MORA**

Date

_[signature]_

**WILKINS E. CASTILLO**

07/19/2021
Date

Page **9** of **9**

| | |
|---|---|
| *Carlos Mora* | **EL OTRO TIESTO CAFE CORP.** |
| **CARLOS E. MORA** | Print: _____ |
| 07 / 17 / 2021 | Signature: _____ |
| Date | Title: _____ |
| | Date: _____ |

_____
**WILKINS E. CASTILLO**

_____
Date

Page **9** of **9**

Doc ID: 0577e0c57b28af34b13273e4ed665d88e35f943e



# Audit Trail

| | |
|---|---|
| **TITLE** | Settlement Agreement |
| **FILE NAME** | MORA CARLOS - Set...eement 071621.pdf |
| **DOCUMENT ID** | 0577e0c57b28af34b13273e4ed665d88e35f943e |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** | **07 / 16 / 2021** 16:23:19 UTC-4 | Sent for signature to Carlos Mora (carlosemorar@gmail.com) from jfp@thepalmalawgroup.com
IP: 73.0.216.26

**VIEWED** | **07 / 17 / 2021** 13:35:00 UTC-4 | Viewed by Carlos Mora (carlosemorar@gmail.com)
IP: 73.57.107.234

**SIGNED** | **07 / 17 / 2021** 13:36:24 UTC-4 | Signed by Carlos Mora (carlosemorar@gmail.com)
IP: 73.57.107.234

**COMPLETED** | **07 / 17 / 2021** 13:36:24 UTC-4 | The document has been completed.