**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 21-20713-CIV-GRAHAM

CARLOS E. MORA,
and other similarly situated individuals,

    Plaintiff,

v.

EL OTRO TIESTO CAFE CORP and
WILKINS E. CASTILLO, individually,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon the Parties' Joint Motion for Approval of FLSA Settlement and Motion to Dismiss Lawsuit with Prejudice (ECF No. 28).

**THE COURT** has considered the Motion, pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves claims for minimum wage and/or unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. In reviewing a settlement of an FLSA private claim, the Court must "scrutiniz[e] the settlement for fairness," and determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Generally, a settlement entered into in an adversarial context where both sides are represented by counsel throughout the

litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. at 1354.

While the Court finds that the compromise reached by the Parties is otherwise a fair and reasonable resolution of the Parties' bona fide dispute, like many district courts within the Eleventh Circuit, it rejects the confidentiality clause in paragraph 4, the non-disparagement clause in paragraph 5 and the pervasive release in paragraph 2 of the Proposed Settlement Agreement. See Rodrigues v. CNP of Sanctuary, LLC., 523 F. App'x 628 (11th Cir. 2013)(upholding the district court's decision to reject a proposed settlement agreement containing "clauses which [the district court] found objectionable, particularly the agreement's broad confidentiality provisions and expansive waivers of various legal claims"); Pimentel v. Dryclean & Laundry Express, Inc., No. 11-CV-80587-KMW, 2012 WL 13134022, at *4 (S.D. Fla. Mar. 23, 2012)("Non-disclosure or confidentiality provisions are contrary to the public remedial purpose of FLSA"); Weldon v. Backwoods Steakhouse, Inc., No. 6:14-cv-79-Orl-37TBS, 2014 U.S. Dist. LEXIS 123285, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) ("[c]ourts that have analyzed the issue of non-disparagement clauses in FLSA settlement agreements have also generally rejected them"); Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1348-1349 (M.D. Fla. 2010) ("[a] compromise of an FLSA claim that contains a pervasive release of unknown claims fails judicial scrutiny.").

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Parties' Joint Motion for Approval of FLSA Settlement and Motion to Dismiss Lawsuit with Prejudice (ECF No. 28) is **GRANTED IN PART** and **DENIED IN PART**. The Settlement Agreement (ECF No. 28-1) is **APPROVED** with the exception of (1) the confidentiality clause in paragraph 4, (2) the non-disparagement clause in paragraph 5, and (3) the pervasive release in paragraph 2, releasing Defendant from liability for claims other than those germane to the instant action. It is further

**ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED AND ADJUDGED** that this action is administratively **CLOSED** and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this <u>4th</u> day of August, 2021.

s/ Donald L. Graham<br>
DONALD L. GRAHAM<br>
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record